

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. 0-6701
Re: Is Article 4758, Revised
Civil Statutes of 1925,
repealed by House Bill No.
23, 49th Legislature? If
so, may deposits be re-
turned to respective owners?

Your request for our opinion on the above matters is as follows:

"Please see House Bill 23 passed by the Forty-ninth Legislature, effective ninety days after adjournment, and refer particularly to Section 4, in part as follows:

"'This Act shall be cumulative of all other laws but shall repeal Article 4758, Revised Civil Statutes of 1925, as amended;'

"I assume that when the bill becomes effective it repeals Article 4758 outright, and I will thank you to confirm or correct me as to this.

"This Department now holds one bond and the State Treasurer is holding deposits in the amount of $199,000 in securities for the account of ten out of state insurance companies. The deposits were required by this state under Article 4758 in retaliation for corresponding requirements made of Texas companies by the home state of the various companies for the privilege of doing business there. These deposits would not have been required or made except for Article 4758.

'CATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George B. Butler,    page 2

"If your answer to the above inquiry is in the
affirmative, please advise me whether after the
effective date of House Bill 23 the deposits above
described may be returned to their respective owners."

We concur in your opinion that when House Bill No. 23
becomes effective, it will repeal Article 4758, Vernon's Anno-
tated Civil Statutes, as amended.

Said Article 4758, as amended, reads as follows:

"Whenever, by any law in force without this
State, an insurance corporation, fraternal benefi-
ciary society or reciprocal exchange of this State
or agent thereof is required to make any deposit
of securities thereunder for the protection of
policyholders or otherwise, or to make payment for
taxes, fines, penalties, certificates of authority,
valuation of policies, license fees, or otherwise,
or any special burden is imposed greater than is
required by the laws of this State for similar
foreign corporations or their agents, the insurance
companies, fraternal beneficiary societies and recip-
rocal exchanges of such States or governments shall
be and they are hereby required as a condition pre-
cedent to their transacting business in this State,
to make a like deposit for like purposes with the
State Treasurer of this State, and to pay to the
Commissioner of Insurance for taxes, fines, penal-
ties, certificates of authority, valuation of
policies, license fees and otherwise a rate equal
to such charges and payments imposed by the laws
of such other State upon similar corporations of
this State and the agents thereof. Any corpora-
tion refusing for thirty (30) days to make payment
of such fees or taxes as above required shall have
its certificate of authority revoked by the Commis-
sioner of Insurance; provided, that insurance
corporations organized under the laws of any State
or country, other than these United States shall, as
to the provisions of this Act, be considered corpo-
rations of that State wherein their general deposit
for the benefit of their policyholders is made."

Honorable George B. Butler,   page 3

It is our further opinion that after said law becomes effective, the deposits described in your request may not be returned to the respective owners until the obligations assumed when they were made, as set forth in said Article 4758, are satisfied.

We trust that this satisfactorily answers your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  *Jas. W. Bassett*
Jas. W. Bassett
Assistant

JWB:LJ

APPROVED JUL 31, 1945

(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN